IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEFFERY TRUMAN KEITH                                                                                    PLAINTIFF

v.                                      Civil No. 2:23-CV-02101-PKH-MEF

JAIL ADMINISTRATOR JACOB SHOOK,                                                            DEFENDANT
Johnson County Detention Center

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.       BACKGROUND**

Plaintiff filed his Complaint on July 28, 2023. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* ("IFP") application or pay the filing fee by August 18, 2023. (ECF No. 3). Plaintiff submitted his IFP application on August 16, 2023, and he was granted IFP status on August 29, 2023. (ECF Nos. 5, 7).

Plaintiff identifies himself as a pretrial detainee incarcerated in the Johnson County Detention Center, and he alleges his constitutional rights are being violated by the conditions of confinement in the facility. (ECF No. 1). He lists the dates of occurrence for his claims as June 18, June 22, and July 9, 2023. (*Id*. at 4, 6, 7). At the same time, he alleges he complained of the

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

conditions over a period of "months." (*Id*. at 5). The Court will construe the dates to cover a period of three weeks. Plaintiff's three claims center on essentially the same facts. He alleges the toilet leaks from the seal around the bottom and the skylights leak when it rains. He further alleges the eating surfaces are rusty and bleach is used on them in violation of the warnings on the bleach bottle label. (*Id*. at 4). He states facility staff gave the inmates a jumpsuit to place at the base of the toilet instead of fixing the leak. (*Id*. at 5). Plaintiff believes this resulted in human waste being tracked though H-pod. (*Id*.). He states the skylights leak "excessive amounts of water" onto the eating tables and floor when it rains. (*Id*.). Plaintiff alleges various federal agency regulations, such as that of the FDA and OSHA, are being violated, as well as the Arkansas Clean Air Act and the bleach material safety data sheet. (*Id*. at 7-8). Plaintiff alleges he utilized the facility grievance process, and nothing was done about the conditions. (*Id*. at 5-7). Instead, the facility tried to "clean it up with a slap of paint in hallways instead of where [the] problem is." (*Id*. at 7).

Plaintiff does not allege that he requested alternative cleaning supplies for the surfaces or any cleaning supplies for the floor. Plaintiff does not allege that he was injured or became ill due to the conditions. Instead, he alleges that he suffered "excessive worry" for his health. (*Id*. at 5, 6, 7).

Plaintiff proceeds against Defendant Shook in his official and individual capacities. (*Id*. at 4, 5, 7). Plaintiff seeks compensatory, punitive, and other damages. (*Id*. at 10). Plaintiff asks the Court to grant him $75,000 for his mental suffering and force the facility to fix the problems noted in his Complaint. (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff is a pretrial detainee and alleges that, for a period of approximately three weeks, he was exposed to rusty eating surfaces cleaned with bleach, skylights leaking into the eating area when it rained, and a pod toilet which leaked at the base and was wrapped with an inmate jumpsuit to soak up the leak. As a pretrial detainee, this Court analyzes Plaintiff's conditions of confinement

claims under the Fourteenth Amendment's Due Process Clause.[2]  *Stearns v. Inmate Services Corporation*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 525 n.16 (1979)).  In articulating the standard governing pretrial detainees' claims related to conditions of confinement, the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520 (1979), held that the government may detain defendants prior to trial and "may subject them to the restrictions and conditions of a detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37.  There are two ways to determine whether conditions of confinement rise to the level of punishment.  First, "a plaintiff could show that the conditions were intentionally punitive." *Id.* at 538.  Alternatively, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate government purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (quoting *Wolfish*, 441 U.S. at 538-39).  Not every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).  "There is a *de minimis* level of imposition with which the Constitution is not concerned." *Id.*  "In considering whether the conditions of pretrial detention are unconstitutionally punitive, [courts] review the totality of the circumstances of a pretrial detainee's confinement." *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010).

In this case, the imposition upon Plaintiff was *de minimis*.  Pretrial detainees "are entitled to *reasonably adequate* sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (internal

---

[2] Eighth Amendment cases involving convicted prisoners may yet provide guidance.  "As a pretrial detainee, [Plaintiff] was entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment." *Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013) (internal quotation marks and citations omitted).

quotation marks and citations omitted) (emphasis added).  Here, Plaintiff alleges only that the tabletops, skylights, and one toilet were in less than perfect repair.  Nothing in these allegations indicate that he was deprived of reasonably adequate sanitation or other privileges for a lengthy course of time.

Plaintiff does not allege that Defendant Shook expressly demonstrated an intent to punish him, and he does not allege that he became ill or suffered any other actual physical injury.  Instead, he alleges only that he suffered "excessive worry" for his health.  This is insufficient to state a conditions of confinement claim.  *See Smith,* 87 F.3d at 268 (finding no constitutional violation where a prisoner failed to allege "that he was exposed to disease or suffered any other consequences" as a result of being exposed to raw sewage); *Horner v. Bowers*, No. 4:19CV00690-LPR-JTR, 2020 WL 4745076, at *4 (E.D. Ark. June 12, 2020), *report and recommendation adopted*, No. 4:19-CV-00690-LPR, 2020 WL 4742378 (E.D. Ark. Aug. 14, 2020) (pretrial detainee's "three-month exposure to leaky plumbing, unsanitary water faucets, black fungus and mold, inadequate cleaning of mattresses, and sharing of nail clippers and razors, with no accompanying physical injury, fails to state a viable inhumane conditions of confinement claim."). Finally, Plaintiff did not allege that he asked for and was denied cleaning supplies to remedy his concerns about the cleanliness of the cells.  *See Tokar v. Armentrout*, 97 F.3d 1078, 1082 (8th Cir. 1996) (although Plaintiff alleged filthy toilets, the court found it important to the Eighth Amendment analysis that he never asked for cleaning supplies).  No plausible conditions of confinement claim has been stated.

## IV.   CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff is warned

that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of October 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE